UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIO SANTINO PONCE,

    Plaintiff,

v.                                                             Case No. 8:25-cv-3318-WFJ-CPT

BRIAN PHILLIPS, *et al.*,

    Defendants.
_____/

## ORDER

Mario Santino Ponce, a pretrial detainee at the Manatee County Jail, initiated this action by filing a *pro se* civil-rights complaint under 42 U.S.C. § 1983. (Doc. 1). Upon review, *see* 28 U.S.C. § 1915A, the Court concludes that the complaint must be dismissed without prejudice for failure to state a claim. In addition, if he wishes to proceed with this action, Mr. Ponce must either pay the filing fee or move for leave to proceed *in forma pauperis*.

**I.**     **Screening of Complaint**

Mr. Ponce sues Deputy Brian Phillips and Detective Christopher DeLuca, both of whom are employed by the Manatee County Sheriff's Office. (Doc. 1 at 2). Mr. Ponce alleges that on an unspecified date, "[t]here was an illegal stop, search, and seizure and arrest made which resulted in [his] home being search[ed] and [his] business funds being seized[,] as well as [his] rights being violated." (*Id.* at 4). Mr. Ponce offers no additional

information about this alleged incident. As relief for the alleged Fourth Amendment violations, Mr. Ponce seeks $171,384 in damages. (*Id.* at 5).

As currently pled, the complaint is deficient and must be dismissed without prejudice. First, Mr. Ponce fails to plead facts showing that each named defendant personally participated in the allegedly unlawful conduct. Section 1983 "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). Such a "causal connection" may be established by showing that "the official was personally involved in the acts that resulted in the constitutional deprivation." *Id.* This means that "a plaintiff must plead that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (emphasis added). Mr. Ponce alleges no facts connecting the named defendants to the allegedly unlawful search and seizure. This pleading deficiency deprives the defendants of fair notice of the claims against them. *See, e.g., Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.") (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)).

Second, Mr. Ponce fails to state a plausible Fourth Amendment claim. He alleges only that "[t]here was an illegal stop, search, and seizure and arrest made which resulted in [his] home being search[ed] and [his] business funds being seized[,] as well as [his] rights being violated." (Doc. 1 at 4). Mr. Ponce "does not allege the circumstances of the search

or seizure, and does not specify for what charge, if any, [the defendants] arrested him." *Allendes v. Guell*, No. 24-23487-CIV, 2024 WL 5135621, at *2 (S.D. Fla. Oct. 2, 2024). "Such conclusory, vague allegations are insufficient to state a claim" under the Fourth Amendment. *Watkins v. Chase*, No. 321-cv-1090-BJD-LLL, 2021 WL 6064820, at *2 (M.D. Fla. Dec. 22, 2021) (plaintiff failed to allege plausible Fourth Amendment claim because he "merely espouse[d] buzzwords, saying the officers 'illegally searched, seized, and arrested [him] without [a] warrant or probable cause'"). If he wishes to pursue this claim, Mr. Ponce must set forth factual allegations demonstrating that the search and seizure violated the Fourth Amendment.

II.   **Filing Fee or Motion for Leave to Proceed *In Forma Pauperis***

Mr. Ponce neither paid the $405.00 filing fee nor sought leave to proceed *in forma pauperis*. If he wishes to pursue this action, Mr. Ponce must either pay the filing fee or submit a complete motion to proceed *in forma pauperis* in accordance with the instructions set out below. Failure to comply with this directive within twenty-one days of the date of this order will result in the dismissal of this action without further notice.

III.  **Conclusion**

Accordingly, it is **ORDERED** that:

1.   Mr. Ponce's complaint, (Doc. 1), is **DISMISSED without prejudice**.

    a.   If Mr. Ponce wishes to amend, he shall file an amended complaint within **TWENTY-ONE DAYS** of the date of this order.

    b.   To amend, Mr. Ponce should complete a new civil-rights complaint form, titling it "Amended Complaint." The amended complaint must include all

        of Mr. Ponce's claims and may not refer back to, or incorporate, the complaint. The amended complaint shall supersede the complaint. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

2.     If Mr. Ponce fails to file an amended complaint by the above deadline, or fails to seek an extension of time to do so, this order dismissing the complaint will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720-71 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3.     Within **TWENTY-ONE DAYS** of the date of this order, Mr. Ponce must either (1) file a fully completed Affidavit of Indigency form (if he desires to proceed as a pauper and incur the pauper's filing fee of $350.00) or (2) pay the $405.00 filing fee (if he does not desire to proceed as a pauper). Failure to comply with this directive will result in the dismissal of this case without further notice.

- 5 -

4. Mr. Ponce must advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice. Failure to inform the Court of an address change will result in the dismissal of this case without further notice.

5. The Clerk is **DIRECTED** to mail to Mr. Ponce an Affidavit of Indigency form and the standard form for *pro se* prisoner complaints.

**DONE** and **ORDERED** in Tampa, Florida, on December 8, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE